UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VARICOSE SOLUTIONS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 13-cv-7590 |
| v. ) | |
| ) | Judge John W. Darrah |
| VASCULAR SOLUTIONS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Vascular Solutions, Inc. ("Vascular") removed this breach of warranty case from the Circuit Court of Cook County, Illinois, on October 23, 2013. Plaintiff Varicose Solutions, LLC ("Varicose") moves to remand this case to the Circuit Court of Cook County on the basis that the action was improperly removed. For the reasons provided below, the Motion is denied.

### BACKGROUND

On March 28, 2013, Varicose initiated the action, *Varicose Solutions, LLC v. Medline Industries, Inc. and Vascular Solutions, Inc.*, in the Circuit Court of Cook County, naming Vascular and Medline Industries, Inc. ("Medline") as defendants. Varicose alleged a breach of warranty claim against Vascular based on Vascular's sale of recalled medical products that were manufactured by Medline. Varicose also alleged a separate breach of warranty claim against Medline for those recalled products. On September 27, 2013, Judge Ronald Bartkowicz of the Circuit Court of Cook County dismissed Varicose's Complaint as to Medline for failure to state a claim. On October 23, 2013, Vascular filed a notice of removal here on the basis of diversity jurisdiction.

**LEGAL STANDARD**

A civil action brought in a state court may be removed by the defendant to the appropriate United States District Court on the basis of the diversity of the parties. 28 U.S.C. §§ 1332(b), 1441. Generally, for a case to be removed from state court to federal court, a notice of removal must be filed by the defendant within thirty days: (1) after the defendant receives a copy of the initial pleading or (2) after the service of summons on the defendant, if the initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. 28 U.S.C. § 1446(b). Additionally, if the case is not removable at the initial pleading stage, notice of removal may be filed thirty days after a defendant receives notice that the case is one which may be removed. 28 U.S.C. § 1446(b)(3). A case may not be removed on the basis of diversity jurisdiction more than one year after commencement of the action. 28 U.S.C. § 1446(c).

With respect to motions to remand, 28 U.S.C. § 1447(c) provides that such motions based on "any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

**ANALYSIS**

Varicose moves for remand pursuant to 28 U.S.C. § 1447(c), arguing that its complaint is not removable because its claim against Medline was involuntarily dismissed. Varicose further argues that if the action is removable pursuant to the fraudulent joinder doctrine, Vascular's petition to remove the action is untimely. Vascular responds that removal is proper because

Medline was fraudulently joined as a defendant and that it is timely because it did not have notice of the fraudulent joinder until after the dismissal of Medline.

The "voluntary/involuntary rule" draws a distinction as to the way a non-diverse defendant was dismissed from a state court action. Where a non-diverse defendant is voluntarily dismissed by the plaintiff, the state court case becomes removable to federal court where diversity jurisdiction is otherwise satisfied. *See Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 72 (7th Cir. 1992). However, where a non-diverse defendant is involuntarily dismissed by the state court, the case is not generally removable under 28 U.S.C. § 1446(b). *Id.* The rule has been explained as contributing to judicial economy because removal following an involuntary dismissal may be temporary if a plaintiff successfully appeals the dismissal in state court and reinstates the non-diverse party. *Id.* It also reflects deference to the plaintiff's choice of forum and the "general desire to limit federal jurisdiction." *Id.*

However, an exception to the voluntary/involuntary rule exists where the joinder of the non-diverse party is fraudulent. "Fraudulent joinder occurs either when there is no possibility that a plaintiff can state a cause of action against non-diverse defendants in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts." *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). The Seventh Circuit has explained that in the context of jurisdiction, "'fraudulent' is a term of art . . . in most cases fraudulent joiner involves a claim against an in-state defendant that simply has no chance." *Poulos*, 959 F.2d at 73 (citing 14A Charles A. Wright, *et al.*, *Federal Practice and Procedure*, § 3723 at 354 (2d ed. 1985) (other internal citations omitted). The diverse defendant seeking to remove bears "a heavy burden" to show fraudulent joiner and must show "that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state

3

defendant." *Id.* (emphasis in original) (citing *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)).

Vascular does not contest that Medline was dismissed involuntarily. Vascular argues, rather, that the Medline was fraudulently joined because Varicose has no claim against Medline, as determined by the Circuit Court's September 27, 2013 ruling. Vascular further argues that its removal is timely because it did not have notice that there was no claim against Medline until the September 27, 2013 ruling.

In dismissing Varicose's claim against Medline, Judge Bartkowicz held that Varicose failed to state a claim for breach of implied warranty because Varicose had not alleged a direct buyer-seller relationship with Medline. In *Rothe v. Malone Cadillac*, 518 N.E. 2d 1028, 1029 (Ill. 1988), the Illinois Supreme Court stated that "with respect to a purely economic loss, the UCC article II implied warranties give a buyer of goods a potential cause of action only against his immediate seller." The *Rothe* court held the plaintiff's implied warranty claim was properly dismissed because there was no buyer-seller relationship with the defendant. *Id.* at 1030.

Judge Bartkowicz also rejected Varicose's reliance on the Appellate Court of Illinois's decision in *Frank's Maintenance & Engineering, Inc. v. C.A. Roberts, Co.*, 408 N.E.2d 403, 412 (Ill. App. Ct. 1980). In *Frank's Maintenance*, the court held that a breach of implied warranty claim can extend to a manufacturer who "knew the identity, purpose and requirements" of the buyer. Judge Bartowicz held that Varicose did not allege that Medline knew the identity, purpose and requirements of Varicose and noted that the only contact that Varicose had with Medline occurred after the defective medical devices at issue had been used and recalled.

After its claim against Medline was dismissed, Varicose did not seek leave to re-plead its claim and also did not appeal the dismissal. Furthermore and tellingly, in its memoranda

4

supporting its motion to remand, Varicose does not argue that it can state a claim against Medline. Faced with its apparent lack of claim against Medline, Varicose stresses instead that Vascular has a heavy burden to show fraudulent joinder and cites to the district court decision in *Asperger v. Shop VAC Corporation*, 524 F. Supp. 2d 1088, 1096 (S.D. Ill. 2007) for the language that the inquiry on a fraudulent joinder is more lenient than a 12(b)(6) standard. However, *Asperger* was not addressing a situation where a non-diverse defendant was involuntarily dismissed for failure to state a claim. *See id.*

The Court has reviewed Varicose's allegations against Medline, construed all inferences in Varicose's favor in both fact and law, and finds that Varicose cannot establish a claim against Medline for breach of warranty. *See Poulos*, 959 F.2d at 73. As the Circuit Court correctly observed, Varicose did not allege that there was a direct buyer-seller relationship with Medline or that Medline knew the identity, purpose and requirements of Varicose. *See Rothe*, 518 N.E. 2d 1030. As Vascular has noted, Varicose did not attempt to re-plead its claim or appeal, and as such, dismissal of Medline was final. *See Poulos*, 959 F.2d at 72n.3 (indicating support for the treatment of a dismissal as voluntary if the plaintiff accedes to the dismissal by failing to appeal) (citing *Quinn v Aetna Life & Casulty Co.*, 616 F.2d 38, 40n2 (2d Cir. 1980)). Vascular has carried its burden to show that Medline was fraudulently joined, and removal of the action is proper.

Furthermore, removal by Vascular was timely because Vascular removed this action within thirty days after Medline was dismissed by the state court, which applied Illinois law to the facts as pled in Varicose's complaint. *See* 28 U.S.C. § 1446(b). Varicose's argument that Vascular should have known that Varicose could not state a claim against Medline at the time that Varicose filed its complaint is creative but disingenuous, not least of all because it cuts both

ways. If it was, as Varicose argues, so patently obvious to Vascular that Varicose could not state a claim against Medline at the time of filing its complaint, then Varicose seemingly could have been sanctioned for filing a frivolous claim. Varicose's contradictory argument is not persuasive. Removal is proper based on diversity jurisdiction.

## CONCLUSION

For the reasons set forth above, Varicose's Motion to Remand [9] is denied.

Date: March 12, 2014

JOHN W. DARRAH
United States District Court Judge